IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WILLIAM L. DeVAUL | § | |
| v. | § | CIVIL ACTION NO. 6:07-CV-418 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER
ON MOTION FOR ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)

On September 4, 2007, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits. The matter was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of pending motions pursuant to 28 U.S.C. § 636(b)(1).

*Background*

The Commissioner filed an answer to the complaint on November 20, 2007, and the Court issued an Order directing filing of briefs on November 26, 2007. Plaintiff filed his opening brief on April 4, 2008. The Commissioner filed a Brief in Response on May 19, 2008 and Plaintiff filed a Reply on July 24, 2008. On March 3, 2009, the undersigned issued a Report and Recommendation that the decision of the Commissioner be reversed and remanded, which the District Court adopted on March 24, 2009, and entered Final Judgment reversing and remanding accordingly.

On April 6, 2009, Plaintiff filed an Unopposed Motion for Extension of Time to File a Petition for Attorney Fees Under § 406(b) of the Social Security Act, which the Court granted on

1

April 7, 2009. On July 2, 2009, Plaintiff moved for a award of attorney fees under the Equal Access to Justice Act ("EAJA"), which was unopposed. On July 9, 2009, the Court granted the motion for fees under the EAJA and awarded $7,500 in attorney fees.

On August 17, 2009, the Court granted Plaintiff motion for substitution of counsel, under which Elizabeth B. Dunlap withdrew as counsel of record and was replaced by attorney Michael Philip Dunlap, who proceeds in her place.

The Commissioner subsequently issued a favorable decision to Plaintiff on May 2, 2010. *See* Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1) (the "Motion") at Ex. A. Thus, on November 8, 2011, Movant, Plaintiff's substituted representing attorney during the litigation before this Court, filed the instant Motion (docket entry #39). The Commissioner filed a Response on November 15, 2011 (docket entry #40), in which he does not take a position as to the reasonableness of the award requested by Movant, but instead points out the law pertaining to the grant of such fees. He does note that Movant has represented that if he accepts an award pursuant to § 406(b)(1), he must refund the $7,500.00 awarded under the EAJA to Plaintiff. On that basis, the Commissioner does not oppose the award requested. Based on the Commissioner's award of past-due benefits, Movant seeks an award of $12,881.50 pursuant to 42 U.S.C. § 406(b)(1).

*Discussion*

The Act provides that when a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The District Court can only award fees for work performed before the Court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir.2005); *Brown v. Sullivan*,

917 F.2d 189, 191 (5th Cir.1990), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

The ultimate issue is whether the award is reasonable. *See Gisbrecht*, 535 U.S. at 793; *Jeter v. Astrue*, 622 F.3d 371, 374 (5th Cir. 2010). This decision lies within the discretion of the court. *Gisbrecht*, 535 U.S. at 793; *Jeter*, 622 F.3d at 376. In making such determinations, the Supreme Court has concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, courts should consider certain factors in determining the reasonableness of a § 406(b) fee, including but not limited to: (1) quality of the representation; (2) whether counsel was responsible for delay in the litigation while benefits accumulate during the case; or (3) whether the award is a "windfall" for counsel. *Gisbrecht*, 535 U.S. at 808; *Jeter*, 622 F.3d at 377. The Fifth Circuit has also interpreted *Gisbrecht* to hold that a district court may consider "lodestar" factors in its "windfall" determination, though the court may not rely on them alone. *Jeter*, 622 F.3d at 380 ("we conclude that courts may consider the lodestar in their analyses so long as the court can articulate additional factors demonstrating that the excessively high fee would result in an unearned advantage.").

Here, the Social Security Administration awarded past-due benefits of $75,522.00. *See* Motion at 5 and Ex. A. Twenty-five percent of this past-due benefit is $18,881.50. Six thousand dollars was already awarded under § 406 to another attorney representing Plaintiff at the administrative level before the Administration. Therefore, the balance of $12,881.50 does not exceed an aggregated 25% of past-due benefits and has been withheld for potential award to Movant.

Movant asserts that the attorney hours expended on the representation totaled 45.70, *see* Motion at 10, which would amount to a per-hour rate of $281.87. The Commissioner does not object

3

to this payment and the Court will consider this point as one factor in due course, as discussed below.

Here, first and foremost, there was a contingency fee agreement between Movant and Plaintiff. *See* Motion at 7 and Ex. C. The signed agreement states in pertinent part, "If I am found 'disabled' at any time after a federal court rules in my favor: . . . I will pay [counsel] the remainder of the agreed attorney fee of 25% of past due benefits after subtraction of: (A) Any attorney fee awarded under the EAJA; and (B) Any attorney fee paid to the attorney(s) who represented me before SSA." Ex. C at ¶ 7. Clearly, Plaintiff intended to pay Movant 25% - the maximum allowed under § 406(b) - if he obtained past-due benefits as a result of the representation.

There is no indication of any lack of quality in Movant's representation. In fact, the briefs prepared and submitted to this Court were detailed and raised several substantive issues, resulting in the Court's reversal and remand for further consideration. Ultimately, the Commissioner awarded benefits including the past-due amount of $75,522.00. The Commissioner does not dispute that the reversal and remand resulted from Movant's efforts on behalf of Plaintiff. Furthermore, Movant took on the contingency-basis case at considerable risk. The Administration had denied benefits on initial and subsequent review followed by an administrative hearing by an Administrative Law Judge, who also denied benefits. Despite the risk involved, Movant accepted the representation before this Court and arrived at a favorable outcome for Plaintiff.

There is also no indication of any delay undertaken by Movant.

In addition, it does not appear that this award represents a "windfall" to Movant due to its size. The equivalent hourly rate reflects the substantial risk involved, as discussed above. Other courts have found higher equivalent hourly rates to be reasonable as part of a "windfall" analysis.

4

*See, e.g., Jeter v. Comm'r of Soc. Sec.*, 2009 WL 909257, at *6 (W.D. La. Apr. 3, 2009) (2.5 times non-contingent rate is reasonable) (citing cases).

Considering other lodestar-type factors along with the issues discussed above, the Court finds that Movant's time represents considerable time and labor representing Plaintiff; Movant's efforts were ultimately successful in obtaining all of the relief Plaintiff sought; based on the favorable ruling, Plaintiff has been awarded substantial disability benefits, the accrued value of which may be considerably more as time goes by; and Movant's experience is not in doubt. *Pederson v. Astrue*, 2011 WL 1100215, at *2 -3 & n.2 (S.D. Tex. Feb. 25, 2011). Overall, the Court does not find that the award Movant seeks constitutes a "windfall."

Next, Movant acknowledges that he has already been awarded the amount of $7,500.00 under the EAJA and that the lesser of the award under the EAJA or the award under § 406(b) must be refunded to the Plaintiff. *See* Motion at 2; *Astrue v. Ratliff*, - - - U.S. - - - -, 130 S. Ct. 2521, 2528 n.4, 177 L. Ed. 2d 91 (2010) (citing 1985 amendment note to 28 U.S.C. § 2412); *Jeter*, 622 F.3d at 375. In this case, Movant requests that the Court order the Commissioner to pay him $12,881.50 and that he will accordingly refund $7,500.00 to Plaintiff. That is appropriate. "The court should award the entire § 406(b) amount, and the attorney must refund the lesser fee to the claimant." *McGraw v. Barnhart*, 450 F.3d 493, 497 n.2 (10th Cir. 2006). Therefore, the Court will so order.

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Movant's Motion for Attorney Fees Pursuant to § 406(b) of the Social Security Act (docket entry #39) is hereby **GRANTED**. Movant shall be awarded the sum of $12,881.50, to be paid out of Plaintiff's past-due benefits for representation before this Court in this matter. It is further

**ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $7,500.00 to Plaintiff.

**So ORDERED and SIGNED this 1st day of February, 2012.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE